J-A30030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALONZO JOHNSON | |
| Appellant | No. 1381 WDA 2016 |

Appeal from the PCRA Order Entered August 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0013159-1991

BEFORE:  BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:          **FILED  FEBRUARY 27, 2018**

Appellant Alonzo Johnson appeals from the August 22, 2016 order entered in the Court of Common Pleas of Allegheny County ("PCRA court"), which denied his petition for writ for *coram nobis*, treating it as a petition for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under **Turner**/**Finley**.[1]  Upon review, we affirm and grant the petition to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, after having pleaded guilty, on April 21, 1994, Appellant was sentenced by the trial court to 6 to 23 months' imprisonment followed by a consecutive period

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

of 5 years' probation for possession with intent to deliver. Appellant did not file a direct appeal.

Some years later, on July 30, 2013, Appellant was sentenced in federal court to 24 years' imprisonment followed by 10 years of supervised release for his convictions for conspiracy and possession with intent to distribute 5 kilograms of cocaine. Appellant's 1994 conviction was considered in fashioning his federal sentence.

On November 24, 2014, Appellant *pro se* filed a petition for writ of *coram nobis*. The PCRA court appointed counsel, who, on December 8, 2015, filed an amended petition for writ of *coram nobis*, alleging claims for ineffective assistance of counsel. Following the PCRA court's issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on August 22, 2016. In so doing, the PCRA court concluded that Appellant was ineligible for relief under the PCRA because he had finished serving his sentence. Appellant timely appealed to this Court.

On September 5, 2017, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel raises a single issue for our review:

> Did the lower court err in denying relief upon finding that a writ of *coram nobis* is not available as a remedy when a defendant is no longer serving a conviction that is being challenged on the grounds that a guilty plea was not knowingly, intelligently and voluntarily entered, where the post conviction relief act is not available under the circumstances?

***Turner*/*Finley*** Brief at 4 (unnecessary capitalization omitted and italicization added).

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of ***Turner*/*Finley***. For PCRA counsel to withdraw under ***Turner*/*Finley*** in this Court:

(1)     PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2)     PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3)     This Court must independently review the record and agree that the appeal is meritless.

***See Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting ***Turner***, ***Finley***, ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), and ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2008), ***overruled in part by***, ***Pitts***).

We find that PCRA counsel has complied with ***Turner*/*Finley***. PCRA counsel has petitioned for leave to withdraw and filed an ***Anders*** brief, which we accept in lieu of a ***Turner*/*Finley*** no-merit letter.[2] Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

---

[2] ***Anders v. California***, 386 U.S. 738 (1967), sets forth the requirements to withdraw on direct appeal, which are more stringent than the ***Turner*/*Finley*** requirements that apply on collateral appeal. ***See Widgins***, 29 A.3d at 817 n.2. "Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner*/*Finley*** letter." ***Id.***

We now turn to this appeal to determine whether it is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Widgins**, 29 A.3d at 819.

At the outset, we must determine whether the PCRA court erred in treating Appellant's petition for writ of *coram nobis* as a PCRA petition. It is settled that the PCRA subsumes common law remedies where the relief sought is available under the PCRA: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, *including* habeas corpus and **coram nobis**." 42 Pa.C.S.A. § 9542 (emphasis added). Further, a "claim of ineffective assistance of plea counsel, which is based on counsel's failure to advise [a defendant] of the collateral consequences of his plea, [is] cognizable under the PCRA." **Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016). Differently, put, "[w]here a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral relief." **Id.** at 503; **see Commonwealth v. Eller**, 807 A.2d 838, 842 (Pa. 2002) (noting that, if relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought). Accordingly, the PCRA court did not err in treating Appellant's petition for writ of *coram nobis* as a PCRA petition.

Having concluded that the PCRA court properly treated Appellant's petition for writ of *coram nobis* as PCRA petition, we now must determine

whether the PCRA court erred in concluding that Appellant is ineligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **Commonwealth v. Martin**, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in **Ahlborn**, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. **Ahlborn**, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. **Id.** To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. **Id.**

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." **Commonwealth v. Fisher**, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. **See Commonwealth v. Turner**, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's

sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, it is undisputed that Appellant does not meet any of the foregoing eligibility requirements as he has completed his April 21, 1994 sentence of 6 to 23 months' imprisonment followed by 5 years of probation. Thus, the PCRA court did not err in finding Appellant ineligible for PCRA relief, as it was without jurisdiction.

PCRA counsel has complied with **Turner**/**Finley**. We independently have reviewed the record to determine that the issue raised is in fact frivolous, and we are convinced that there is no basis for collateral relief.

Order affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2018